MANDATE

21-1523
*SA Hospitality Group, LLC v. Hartford Fire Insurance*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-two.

PRESENT: John M. Walker, Jr.,
Steven J. Menashi,
Eunice C. Lee,
    *Circuit Judges.*

_____

SA HOSPITALITY GROUP, LLC, on behalf of themselves and all others similarly situated, 1000 MADISON AVENUE LLC, on behalf of themselves and all others similarly situated, ASTORIA CAKES LLC, on behalf of themselves and all others similarly situated, CAKE FOCACCIA, INC., on behalf of themselves and all others similarly situated, REALTEK LLC, on behalf of themselves and all others similarly situated, SA MIDTOWN LLC, on behalf of

MANDATE ISSUED ON 04/13/2022

themselves and all others similarly situated, BAILEY'S RESTAURANT LLC, on behalf of themselves and all others similarly situated, SA SPECIAL EVENTS, INC., on behalf of themselves and all others similarly situated, SASE LLC, on behalf of themselves and all others similarly situated, EIGHTY THIRD AND FIRST LLC, on behalf of themselves and all others similarly situated, FELICE GOLD STREET LLC, on behalf of themselves and all others similarly situated, SA 61ST MANAGEMENT LLC, on behalf of themselves and all others similarly situated, SA YORK AVE LLC, on behalf of themselves and all others similarly situated, SA THIRD AVE CAFE LLC, on behalf of themselves and all others similarly situated, SABF LLC, on behalf of themselves and all others similarly situated, FELICE CHAMBERS LLC, on behalf of themselves and all others similarly situated, FELICE WATER STREET LLC, on behalf of themselves and all others similarly situated, 265 LAFAYETTE RISTORANTE LLC, on behalf of themselves and all others similarly situated,

  *Plaintiffs-Appellants*,

 v.                       No. 21-1523-cv

HARTFORD FIRE INSURANCE COMPANY,

  *Defendant-Appellee*.

_____

| | |
|---|---|
| *For Plaintiffs-Appellants*: | LINDSEY H. TAYLOR, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. (James E. Cecchi, Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Paul J. Geller, Stuart A. Davidson, Samuel H. Rudman, Robbins Geller Rudman & Dowd LLP, Christopher A. Seeger, Stephen A. Weiss, Seeger Weiss LLP, *on the brief*), Roseland, NJ. |
| *For Defendant-Appellee*: | JONATHAN M. FREIMAN, Wiggin and Dana LLP (Anjali Dalal, Wiggin and Dana LLP, Charles A. Michael, Steptoe & Johnson LLP, *on the brief*), New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant SA Hospitality, which owns a group of food-service establishments, purchased standard all-risk commercial property insurance for itself and for the other plaintiffs (collectively, "SA Hospitality") from Defendant-Appellee Hartford Fire Insurance Company. SA Hospitality sought business

interruption coverage for the period in which it was unable to use its facilities due to government orders that limited in-person dining services, which were issued in response to the COVID-19 pandemic. The district court granted a motion to dismiss on the ground that the insurance policy did not cover the loss of use of an insured's facilities due to governmental policies. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The insurance policy included business interruption coverage as follows:

> We will pay … for the actual loss of Business Income you sustain and the actual, necessary and reasonable Extra Expense you incur due to the necessary interruption of your business operations during the Period of Restoration due to direct physical loss of or direct physical damage to property caused by or resulting from a Covered Cause of Loss at "Scheduled Premises" where a limit of insurance is shown for Special Business Income.

J. App'x 164. Put simply, the business interruption coverage is triggered if there is a "direct physical loss of or physical damage to" SA Hospitality's property and that physical loss or damage has caused a suspension of business operations. Under those circumstances, Hartford Fire Insurance must pay for certain business losses incurred until the property is restored.

In March 2020, as a result of the COVID-19 pandemic, many state governments issued orders closing all non-essential businesses and limiting

4

restaurants to take-out or delivery service only. After suffering business losses that resulted from the governmental orders, SA Hospitality submitted a claim to Hartford Fire Insurance for coverage under the policy's business interruption coverage, which Hartford Fire Insurance denied. SA Hospitality then filed a putative class action against Hartford Fire Insurance in the U.S. District Court for the District of Connecticut, seeking declaratory relief and damages for breach of contract.

Hartford Fire Insurance moved to dismiss the complaint, arguing that SA Hospitality had not alleged a direct physical loss of or direct physical damage to its property and that, even if it had, the policy exclusions barred coverage. The district court granted the motion, concluding that SA Hospitality had not alleged a direct physical loss of or damage to property. Because it concluded that the "trigger[]" to coverage had not occurred, the district court found it unnecessary to reach the question whether the policy exclusions also precluded coverage. SA Hospitality timely appealed. We review de novo a district court's dismissal under Rule 12(b)(6). *See Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

SA Hospitality argues on appeal that the governmental orders prevented it from using its property for its intended purpose, which amounted to a "direct

physical loss of" the property. That argument is foreclosed by this court's recent decision in *10012 Holdings, Inc. v. Sentinel Ins. Co.*, 21 F.4th 216 (2d Cir. 2021). There we considered whether an art gallery was entitled to insurance coverage for alleged business losses that resulted from the COVID-19 pandemic and related government restrictions. *Id.* at 218. Like the insurance policy at issue here, the gallery's policy covered certain business losses incurred if it suspended its operations due to "direct physical loss of or physical damage to" its property "caused by or resulting from" a covered cause of loss. *Id.* at 219. The court concluded that "'direct physical loss' and 'physical damage' … require actual physical loss of or damage to the insured's property." *Id.* Because the gallery alleged only a loss of use of its premises, we affirmed the district court's dismissal of the complaint for failing to allege actual physical loss or damage. *See id.* at 219.[1] Like the gallery in *10012 Holdings*, SA Hospitality alleges only a loss of use of

---

[1] Subsequent panels interpreting materially similar coverage provisions under New York law have followed the holding in *10012 Holdings*. *See Rye Ridge Corp. v. Cincinnati Ins. Co.*, No. 21-1323, 2022 WL 120782 (2d Cir. Jan. 13, 2022); *Kim-Chee LLC v. Phila. Indem. Ins. Co.*, No. 21-1082, 2022 WL 258569 (2d Cir. Jan. 28, 2022). Other circuits have also relied on it. *See Estes v. Cincinnati Ins. Co.*, 23 F.4th 695, 701 (6th Cir. 2022); *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 456-57 (5th Cir. 2022).

property with respect to its restaurants, which does not amount to an "actual physical loss of" property. *10012 Holdings*, 21 F.4th at 219.[2]

SA Hospitality concedes that its case is indistinguishable from *10012 Holdings*.[3] Rather, it argues that the decision of the New York Appellate Division on which *10012 Holdings* relied, *Roundabout Theatre Co., Inc. v. Continental Cas. Co.*, 302 A.D.2d 1 (1st Dep't 2002), contravenes New York law. Even if that were true, *10012 Holdings* would still bind us because "a decision of a panel of this Court is binding unless and until it is overruled by the Court *en banc* or by the Supreme Court." *Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 100-01 (2d Cir. 2021). While there may be "exception[s] to this general rule," none of those exceptions apply here. *Id.* at 101.

The court in *10012 Holdings* also denied the gallery's request to certify the question to the New York Court of Appeals. *See* 21 F.4th at 223-25. It did so because of the many federal "cases [that] would be delayed by certification" and because

---

[2] SA Hospitality did not allege that its losses were due to the actual presence of the COVID-19 virus on its premises.

[3] At oral argument, SA Hospitality acknowledged that adhering to our decision in *10012 Holdings* would require affirming the district court. Oral Argument Audio Recording at 2:16.

there was no "disagreement in the lower New York courts" about the meaning of "direct physical loss." *Id.* at 224. The court noted that the New York Court of Appeals "will have every opportunity to address this question and either endorse or correct our interpretation of New York law, should it wish to do so." *Id.* at 225. Because no subsequent developments justify a departure from that course, we deny SA Hospitality's request to certify this issue to the New York Court of Appeals.

We have considered SA Hospitality's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8